UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARLES P. BARTLETT, et al.,

        Plaintiffs,

vs.                                            Case No. 8:04-cv-2057-T-17MSS

J.B. HUNT TRANSPORT, INC., etc.,

        Defendant.

_____

## ORDER

This cause comes on for consideration upon the filing of Defendant's Motion to Set Reasonable Expert Fee (Dkt. 9). Dr. Walter E. Afield, a physician who has treated Plaintiffs, is scheduled for deposition on July 15, 2005. Defendant claims that Dr. Afield's requested deposition fee of $900.00 per hour is not a "reasonable fee" under Federal Rule of Civil Procedure 26(b)(4)(C) and that his fee should not exceed $500.00 per hour. Plaintiffs respond that Defendant has failed to set forth any evidence regarding customary fees charged by other comparable Tampa physicians and that $900.00 per hour is a reasonable fee.

Rule 26(b)(4)(C) provides that "the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery" unless manifest injustice would result. See Fed.R.Civ.P. 26(b)(4)(C). To determine what amount constitutes a reasonable fee, courts have looked at various factors including: (1) the witness' area of expertise; (2) the education and training required to provide the expert insight sought; (3) the prevailing rates of other comparable respected available experts; (4) the nature, quality and complexity of the discovery

responses provided; (5) the fee actually being charged to the party who retained the expert; (6) fees traditionally charged by the expert on related matters; (7) the cost of living in the particular geographic area; and (8) any other factor likely to be helpful to the court in making its decision. See Young v. Global 3, Inc., 2005 WL 1423594, at *1 (D. Col. May 26, 2005); New York v. Solvent Chemical Co., Inc., 210 F.R.D. 462, 468 (W.D. N.Y. 2002); Goldwater v. Postmaster General of the United States, 136 F.R.D. 337, 340 (D. Conn. 1991). The goal in setting the fee is to allow a plaintiff to hire a quality expert while at the same time cautioning against burdening the defendant with an unfair fee that may result in hampered discovery. Goldwater, 136 F.R.D. at 339.

Plaintiffs state that Defendant's motion should be denied because Defendant has failed to "submit any proofs as to a reasonable and customary fee for depositions of psychiatric experts in the Tampa area." While Defendant has failed to submit any evidence to support its argument for a reduction of fees, some courts have found that the party seeking reimbursement for its expert fees under Rule 26(b)(4)(C) bears the burden of establishing that the fee sought is reasonable. See Young, 2005 WL 1423594, at *2 (reducing a requested fee of $1200 per hour to $200 per hour); Solvent Chemical Co. Inc., 210 F.R.D. at 468. Accordingly, this Court finds that Plaintiffs, not Defendant, bear the burden of establishing that the requested fee of $900.00 per hour is reasonable.

The parties have presented the Court with little information regarding this issue. Defendant states that Dr. Afield is a neurologist. Plaintiffs state that Dr. Afield is a psychiatrist. Dr. Afield's resume reflects that, as of 1998, he was on the staff of several Tampa Bay area hospitals. He received his medical degree from Johns Hopkins University and has been a physician since 1960. His background reflects a four year residency in Psychiatry, a teaching and research fellowship in Psychiatry, and an assistant professorship in Psychiatry and Pediatrics. Dr. Afield was a Diplomate

2

of the American Board of Psychiatry and Neurology and has been an examiner for the American Board of Psychiatry and Neurology. From 1998 through 2002, several Florida state court judges ruled that $850.00 per hour was a reasonable fee to be paid to Dr. Afield for his deposition testimony. Finally, in 1996, Dr. Arnold Eckhouse, D.O., of Tampa charged $750.00 per hour for deposition testimony and in 2000, Dr. William Hammesfahr, neurologist, of Clearwater charged $750.00 per hour for deposition testimony.

Of the listed factors considered by the courts in determining what constitutes a reasonable fee, the only two factors to which Plaintiffs have submitted any information include the witness' area of expertise and the prevailing rates of other comparable respected available experts. Here, Dr. Afield's areas of expertise appear to be psychiatry and neurology. The only evidence regarding the prevailing rates of other comparable experts are the affidavit copies from 1996 and 2000, which provide charges of $750.00 per hour for deposition testimony. The Court gives more weight to the affidavit of Dr. Hammesfahr as he is an M.D. and appears to practice in the area of neurology, one of Dr. Afield's practice areas. The Court does not simply adopt the state court judges' findings that $850.00 per hour constitutes a reasonable fee as there is no discussion regarding the factors used by the judges in arriving at that conclusion in their orders and several decisions appear to be based simply on the fact that the rate had previously been found to be reasonable by other judges. The Court has no information before it to conclude that other physicians of comparable expertise charge $900.00 per hour for deposition testimony. Accordingly, based on the evidence provided, the Court finds that Plaintiffs have established that at least one other Tampa Bay area physician practicing in the area of neurology charged up to $750.00 per hour for deposition testimony in 2000. Applying a reasonable cost of living increase of 3% per year yields a 2005 rate of $870.00. In light of the

3

above. Defendant's Motion to Set Reasonable Expert Fee (Dkt. 9) is **GRANTED IN PART**. Defendant shall pay Dr. Afield at a rate of $870.00 per hour.

**DONE AND ORDERED** in Tampa, Florida on this ___14th___ day of July, 2005.

MARY S. SCRIVEN
United States Magistrate Judge

Copies to:

Counsel of Record